**Delio ANTONACCI, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States of America, Defendant.**

Civ. No. 1622.

United States District Court
S. D. Illinois, S. D.

Aug. 3, 1955.

C. A. Livingstone, Springfield, Ill., Robert E. Davlin, Livingstone, Mueller, Drake & Davlin, Springfield, Ill., for plaintiff.

John B. Stoddart, Jr., U. S. Atty., Marks Alexander, Robert B. Oxtoby, Asst. U. S. Attys., Springfield, Ill., John M. Daugherty, Asst. U. S. Atty., Peoria, Ill., for defendant.

BRIGGLE, Chief Judge.

## Findings of Fact

1. This action is brought under the provisions of the Declaratory Judgment Act, Title 28 U.S.C.A. § 2201, and the Immigration and Nationality Act of 1952, Title 8, U.S.C.A. § 1503(a).

2. On November 4, 1904, one Antonio Posquile, also known as Pasquale Antonacci, while residing in Marshall County, in the State of Illinois, in the Northern Division of the Southern District of Illinois, was admitted to citizenship in the United States of America by the order of the County Court of said Marshall County, and then and there had issued to him a Certificate of Citizenship and Naturalization.

3. Delio Antonacci, the Plaintiff herein, was born in Italy on June 24, 1919, at which time the said Antonio Posquile, otherwise known as Pasquale Antonacci, insofar as the records of the Immigration and Naturalization Service of the United States are concerned, remained and was a citizen of the United States by virtue of his naturalization as aforesaid.

4. On November 1, 1938, by virtue of an order, decree and judgment duly entered in the District Court of the United States for the Southern District of Illinois, Northern Division, in a suit in equity bearing Docket Number 1382, entitled "United States of America v. Antonio Posquile (Pasquale Antonacci)", father of the Plaintiff as aforesaid, the citizenship of the said Antonio Posquile (Pasquale Antonacci) was cancelled as of the date of his admission to citizenship by the said order of the County Court of Marshall County Illinois, entered on November 4, 1904, and the said Certificate of Citizenship and Naturalization issued to him by virtue of the last mentioned order was declared to be null and void, and ordered cancelled as of the date of the issuance thereof.

5. That said Plaintiff, Delio Antonacci, resided in Italy, the country of his birth, from the date of his birth until on or about August 3, 1949 when, under an Italian passport and proper visa, he was admitted to the United States as an alien and as a temporary visitor, and that the permit so issued to said Plaintiff for such temporary visit in the United States was extended from time to time by the Immigration and Naturalization Service until April 17, 1951, when an application was made by said Plaintiff for a further extension of such temporary stay, which application was, on December 24, 1953 denied, and said Plaintiff was informed that it became and was his duty as an Italian alien admitted to the United States for a temporary stay as a visitor only, to depart from the United States on or before January 31, 1954, in accordance with the conditions of said permit.

6. That in connection with said last mentioned application for extension of said temporary stay of said Plaintiff in the United States, said Plaintiff and his legal representatives have from time to time requested the Defendant in this cause to state his position as to the political status of the Plaintiff, that is to say, whether or not said Plaintiff is a citizen of the United States, and in answer thereto said Defendant, or his agents in the Immigration and Naturalization Service, have informed said Plaintiff that in view of the cancellation of the Certificate of Naturalization of said Antonio Posquile (Pasquale Antonacci) on November 1, 1938, any derivative rights of said Plaintiff Delio Antonacci to citizenship in the United States were extinguished, and that he therefore could not be deemed to be a citizen of the United States.

7. That at no time has the Plaintiff in this cause applied to the Attorney General of the United States for a Certificate of Citizenship by derivation through the naturalization of his said father, the said Antonio Posquile (Pasquale Antonacci) under the provisions of the Immigration and Nationality Act of 1952, Title 8 U.S.C.A., § 1452, or the laws providing for such applications prior to the effective date of said Act, and at no time has the Defendant in this case, the Attorney General of the United States, given consideration to such application on the part of the said Plaintiff, or denied such an application filed by said Plaintiff, nor has any representative, officer or agent, acting under the authority of said Defendant, given consideration to, passed upon or denied to said Plaintiff such an application.

8. The decree of the District Court of the United States for the Southern District of Illinois, Northern Division, entered on November 1, 1938, in the case of United States of America, Plaintiff, v. Antonio Posquile (Pasquale Antonacci), being Docket Number 1382, cancelling the Certificate of Naturalization issued as aforesaid by the County Court of Marshall County Illinois to said Antonio Posquile (Pasquale Antonacci) under the provisions of Section 405, Title 8 United States Code (1927),[1] remains in full force and effect at the time of the hearing of this cause and the entry of these Findings of Fact.

### Conclusions of Law

1. The effect of the cancellation of the Certificate of Naturalization ab initio under the provisions of Section 405, Title 8 United States Code (1927), was to render the original Order of Naturalization and Certificate of Naturalization issued thereunder completely null and void.

2. There can be no derivative rights to citizenship in the United States in the son of a naturalized citizen of the United States whose admission to such citizenship and whose Certificate of Citizenship has been adjudged null and void under the provisions of Section 405, Title 8 United States Code (1927).

1. Immigration and Nationality Act 1950, 8 U.S.C.A. § 1451.

3. Any rights as a citizen of the United States which said Plaintiff Delio Antonacci derived by virtue of the naturalization of his father Antonio Posquile (Pasquale Antonacci) by the County Court of Marshall County, Illinois, were completely lost and became null and void as of the date of the denaturalization of said Antonio Posquile (Pasquale Antonacci) under the decree of the District Court of the United States for the Southern District of Illinois, Northern Division, in Civil Cause No. 1382 entitled: "United States of America v. Antonio Posquile (Pasquale Antonacci)" as aforesaid.

4. An attack by the son of a naturalized citizen by derivation from the naturalization of his father, whose Certificate of Naturalization has been cancelled in a proceeding under Section 405, Title 8 United States Code (1927), is a collateral attack, and all legal presumptions arise in favor of the decree of denaturalization.

5. In a collateral attack upon a denaturalization proceeding in the United States District Court under the provisions of Section 405, Title 8 United States Code (1927), the findings of fact contained in the decree with respect to the question of jurisdiction, the due service of process and the publication of notice as provided by law are conclusive, and such findings may not be attacked by evidence not found in the record of said cause, and a finding in the decree that due notice of the filing of said suit by publication thereof three times as required by law, is none the less conclusive, although the record in said cause contains no certificate that publication was had during three consecutive weeks, there being a presumption arising from the finding of the court in its decree that evidence in proof of the three publications was heard by the court, and it not being necessary under the law that the proof of three publications be by affidavit of the publisher.

6. In a proceeding such as that referred to in the preceding paragraph hereof, the decree of the court is not subject to attack collaterally by reason of the fact that the certificate of publication of the notice of the filing of suit of the publisher appearing in the record of the cause is defective with respect to the number of times that the notice was published, since it is a presumption of law that the court heard evidence with respect to the publication of such notice and based his findings thereon.

7. The Court finds no infirmity in the decree of the District Court of the United States for the Southern District of Illinois, Northern Division, in the aforesaid case of United States of America v. Antonio Posquile (Pasquale Antonacci) such as to render the decree of denaturalization null and void in a collateral attack, and the court therefore finds the said decree to be and remain in full force and effect.

8. The Court further finds as a matter of law, on the evidence in this cause, that said Plaintiff Delio Antonacci is not a citizen of the United States.

9. Under the Immigration and Naturalization Act of 1952, and under the laws of the United States on the same subject matter in effect prior to the effective date of said Act, one who claimed himself to be a national of the United States was and is authorized in asserting certain of his rights and privileges as a national of the United States to initiate administrative proceedings in the Department of Justice, and if the outcome of such an administrative proceeding is the denial of the right or privilege asserted, the applicant has exhausted his administrative remedy, and under the provisions of Section 1503, Title 8, United States Code, may institute an action in the District Court of the United States for a judgment declaring him to be a national of the United States. Such an action, however, must follow the exhaustion of the administrative remedy.

10. For one to request the opinion of the Attorney General of the United States as the head of the Department

of Justice with respect to his status as a national of the United States on the basis of asserted facts is not to claim a right or privilege as a national of the United States, since there is no duty under the law thrown upon the Attorney General or the Department of Justice to determine the political status of one who merely asserts he is a national of the United States. An opinion of the Attorney General or the Department holding such a person not to be a national of the United States is not the denial of a right or privilege of a national of the United States, and such an opinion may not be used as the basis for a suit under the provisions of Section 1503 supra, for a judgment declaring such person to be a national of the United States.

■ 11. The refusal of the Attorney General of the United States, acting through the Immigration and Naturalization Division of the Department of Justice, to grant to one who has entered the United States as an alien for a temporary permissive visit, an extension of the alien's stay in the United States on the ground he believes himself to be a national of the United States, is not the denial of a right or a privilege to such person as a national of the United States, since the administrative proceeding initiated by such application relates to the rights and privileges of an alien rather than to the rights and privileges of a national of the United States.

12. The Plaintiff has failed in this cause to establish the allegations of his complaint with respect to the denial to him of a right or a privilege as a national of the United States, and he has therefore failed to prove the exhaustion of an administrative remedy to the point which would give this court jurisdiction for the entry of a judgment with respect to his political status as being or not being a national of the United States.

■ 13. The failure of the Plaintiff to carry the burden cast upon him by the law by establishing the denial to him of a right or privilege as a national of

the United States by the Defendant is determinative of this cause, since lacking such a denial there is before the court no justiciable question presented to the Court under the Declaratory Judgment Act.

14. The Court further finds the issues herein in favor of the Defendant and against the Plaintiff, and directs that judgment herein be entered as follows:

### Judgment Order

It Is Therefore Ordered, Adjudged and Decreed By The Court that the temporary injunction heretofore granted herein to the Plaintiff and against the Defendant be and the same is hereby vacated and set aside, and it is further ordered, adjudged and decreed that this cause be and the same is hereby dismissed at Plaintiff's costs.